UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| DANIEL G. SHOFFNER, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 3:18-CV-319 JD |
| SGT. JOHN WILCHER, *et al.*, | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Daniel G. Shoffner, a *pro se* prisoner, filed an amended complaint against the LaPorte County Jail, Dr. Michael Mitcheff and Sgt. John Wilcher regarding the medical treatment he has received at the jail. ECF 8. "A document filed *pro se* is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Shoffner is currently an inmate at the LaPorte County Jail. He alleges that in 2014 his orthopedic surgeon told him that surgery was required on both of his knees. Before

-1-

he was able to have this surgery performed, he became incarcerated. On February 7, 2018, Shoffner visited with Dr. Mitcheff at the jail regarding the pain in his knees. Dr. Mitcheff refused to treat him. Shoffner told Dr. Mitcheff that using the stairs is painful, but the doctor refused to give him a medical pass to be housed on a level of the jail that does not require him to use stairs. Shoffner seeks money damages against Dr. Mitcheff.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a

judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).

Shoffner alleges Dr. Mitcheff was deliberately indifferent for refusing to provide treatment for his knee pain, including not ordering him housed on the ground floor of the jail. Giving Shoffner the benefit of the inferences to which he is entitled at this stage, it is plausible that Dr. Mitcheff was deliberately indifferent to his need for medical attention for knee pain. Therefore, Shoffner may proceed on this claim against Dr. Mitcheff.

Next, Shoffner also complains that Sgt. Wilcher did not reassign him to the ground floor of the jail. Apparently, Sgt. Wilcher relied on the medical staff to determine if Shoffner should be housed somewhere else based on his medical needs. Sgt. Wilcher cannot be held liable for deferring to the judgment of the medical professionals who were tasked to care for Shoffner. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[A] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . ."); *Greeno*, 414 F.3d at 656 ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."). "Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of

tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 . . .." *Burks*, 555 F.3d at 595. Thus, Shoffner has not plausibly stated a claim against Sgt. Wilcher.

Finally, Shoffner names the LaPorte County Jail as a defendant. Though the jail is where these events occurred, it is a building, not a person or even a policy making unit of government that can be sued pursuant to Title 42 U.S.C. 1983.

For these reasons, the court:

(1) GRANTS Daniel G. Shoffner leave to proceed on a claim against Dr. Michael Mitcheff, for compensatory and punitive damages for denying him adequate medical treatment for his knee pain since February 7, 2018, in violation of the Eighth Amendment;

(2) DISMISSES Sgt. John Wilcher and the LaPorte County Jail;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Services to issue and serve process on Dr. Michael Mitcheff at the LaPorte County Jail with a copy of this order and the amended complaint (ECF 8) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Michael Mitcheff respond, as provided by the Federal Rules of Civil Procedure and N.D. Ind. L. R. 10.1, only to the claims for which Daniel G. Shoffner has been granted leave to proceed in this order.

SO ORDERED on August 17, 2018

                                              /s/ JON E. DEGUILIO
                                              Judge
                                              United States District Court