UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANIEL G. SHOFFNER,

Plaintiff,

v.

CAUSE NO. 3:18-CV-319-JD-MGG

DR. MICHAEL MITCHEFF,

Defendant.

OPINION AND ORDER

On August 17, 2018, Plaintiff Daniel G. Shoffner, a prisoner without a lawyer, was granted leave to proceed on a single claim against Defendant Dr. Michael Mitcheff for denying him adequate medical treatment for his knee pain since February 7, 2018, in violation of the Eighth Amendment. ECF 12 at 4. After Defendant filed his answer to Plaintiff's complaint, the court issued a scheduling order setting September 7, 2020, as the deadline for completing discovery. ECF 33. On May 28, 2020, Defendant served his First Set of Interrogatories and First Request for Production of Documents on Plaintiff. ECF 34, 35. Because Plaintiff did not respond to Defendant's discovery requests, on July 9, 2020, Defendant filed a motion to compel Plaintiff's responses. ECF 37. On October 13, 2020, the court granted Defendant's motion to compel and ordered Plaintiff to respond to Defendant's discovery requests by November 13, 2020. ECF 44. The court cautioned Defendant that if he did not respond by the November 13, 2020, deadline, this case was subject to dismissal without further notice. *Id*.

After the court issued its October 13, 2020, order, Defendant resent his First Set of Interrogatories and First Request for Production of Documents to Plaintiff because he had previously refused his legal mail. ECF 45, 45-1. Defendant advised Plaintiff that the court had granted Defendant's motion to compel and ordered him to respond to the discovery requests by November 13, 2020. *Id*. However, because Plaintiff did not provide Defendant with responses to his discovery requests, on November 23, 2020, Defendant filed a motion to dismiss Plaintiff's case. ECF 46. On December 18, 2020, Pam James, an Indiana State Prison administrative employee, notified the court by letter that Plaintiff had refused legal mail the court sent him. ECF 49 at 1-2. Defendant's motion to dismiss is now ripe for decision.

Federal Rule of Civil Procedure 37(b) permits a court to sanction a party for not obeying a discovery order, including dismissal of the case. Fed. R. Civ. P. 37(b)(2)(A)(v). An action may be dismissed under Rule 37(b) if a party's conduct in ignoring the court's order constitutes willfulness, bad faith, or fault. *De Falco v. Oak Lawn Pub. Library*, 25 Fed.Appx. 455, 457 (7th Cir. 2001); *Williams v. Wahner*, 714 Fed.Appx. 601, 604 (7th Cir. 2018). A review of the record shows that Plaintiff has failed to comply with the court's October 13, 2020, order because he has not provided Defendant with his responses to Defendant's First Set of Interrogatories and First Request for Production of Documents. While Plaintiff has had more than nine months to serve Defendant with his discovery responses and file those responses with the court, he has not done so. Given Plaintiff's refusal to participate in the discovery process and his willful disregard of the court's October 13, 2020, order, dismissing this case with prejudice is the appropriate sanction

2

as provided by Rule 37(b)(2)(A)(v). This is so despite Plaintiff's *pro se* status, for "even those who are pro se must follow court rules and directives." *McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012). Accordingly, the court will grant Defendant's motion to dismiss.

For these reasons, the court:

(1) GRANTS Defendant's Motion to Dismiss (ECF 46);

(2) DISMISSES this case with prejudice; and

(3) DIRECTS the clerk to enter judgment in favor of Defendant and against Plaintiff.

SO ORDERED on July 8, 2021

/s/JON E. DEGUILIO  
CHIEF JUDGE  
UNITED STATES DISTRICT COURT